801 So.2d 327 (2001)
In re Stanley S. SPRING, II.
No. 2001-B-2515.
Supreme Court of Louisiana.
November 16, 2001.

ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.[*]
This disciplinary matter stems from one count of formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Stanley S. Spring, II, an attorney licensed to practice law in Louisiana.

UNDERLYING FACTS
In May, 1989, respondent and his former wife were divorced. The trial court ordered respondent to pay child support in the amount of $850 per month in favor of his two minor children.
In 1993, respondent moved out of state and, eventually, out of the country to pursue another profession. After being seriously injured, respondent returned to the United States in 1995, moving to Florida to reside with his parents and recover from his injuries.[1] At that time, he ceased *328 paying child support. Respondent returned to Louisiana in August, 1999, by which time he owed approximately $53,365 in past due child support.
In February, 2000, respondent was charged in the United States District Court for the Western District of Louisiana with one count of failing to pay child support, a misdemeanor, in violation of 18 U.S.C. § 228(a)(1). Respondent entered a plea of guilty. The court sentenced respondent to five years of supervised probation, and ordered him to pay full restitution as well as comply with other probationary conditions.[2]

DISCIPLINARY PROCEEDINGS

Formal Charges
Respondent self-reported his conviction to the ODC. After investigation, the ODC filed formal charges against him alleging violations of Rules 8.4(a) (violating the Rules of Professional Conduct), 8.4(b) (commission of a criminal act adversely reflecting on a lawyer's honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving deceit, dishonesty, fraud, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct.
Respondent filed an answer to the formal charges. He admitted he was convicted, but raised numerous mitigating circumstances concerning his inability to satisfy his financial obligation.[3]

Formal Hearing
A formal hearing was conducted, and both parties submitted documentary evidence. The ODC presented the record from the federal criminal proceeding. Respondent presented financial records and letters to his former wife regarding various custody and support matters, in addition to numerous affidavits from his former wife and father, attesting to respondent's inability to pay his court-ordered child support.
Respondent testified on his own behalf, fully admitting that some of his past decisions were not the "wisest in the world." Respondent stated his law practice was growing, and submitted evidence showing he was fully complying with the terms of his probation.

Recommendation of the Hearing Committee
Upon reviewing the record, the committee determined there was clear and convincing *329 evidence respondent committed a criminal act, and that the conduct was prejudicial to the administration of justice. In addressing the issue of sanctions, the committee noted respondent's conviction was for a misdemeanor offense, which carries a maximum sentence of six months. The committee stated it did not believe respondent intentionally failed to pay child support, because the record indicated respondent did not have sufficient income during the relevant period in which to fulfill his obligation. Moreover, it pointed out that the record reflected respondent maintained his relationship with his two minor children during this time and made some monetary payments to the children, although not to his former wife, for which he did not receive credit. The committee concluded respondent was not a threat to the general public, and an actual suspension of respondent's license would not be in the best interest of respondent and his two children.
Based on these findings, the committee recommended respondent be suspended from the practice of law for a period of two years, fully deferred, subject to a two-year period of supervised probation with conditions.
Neither respondent nor the ODC objected to the hearing committee's recommendation.

Recommendation of the Disciplinary Board
The disciplinary board found the record supported the hearing committee's finding that respondent violated the professional rules as charged. As mitigating factors, the board recognized respondent's full and free disclosure to the disciplinary board and cooperative attitude toward the proceedings.[4]
In recommending sanctions, the board determined a deferred period of suspension would enable respondent to practice law and meet his child support obligations and the terms of his federal probation. Accordingly, it recommended respondent be suspended from the practice of law for a period of two years, fully deferred, subject to a two-year period of supervised probation governed by the conditions cited by the hearing committee.[5]
*330 Neither respondent nor the ODC filed an objection in this court to the disciplinary board's recommendation.

DISCUSSION
It is undisputed that respondent has been convicted of failing to pay child support in violation of 18 U.S.C. § 228(a)(1). When an attorney has been convicted of a crime, the sole issue to be decided in a subsequent disciplinary proceeding is whether the crime warrants discipline, and if so, the extent thereof. Supreme Court Rule XIX, § 19(E); Louisiana State Bar Ass'n v. Wilkinson, 562 So.2d 902 (La.1990). The discipline to be imposed in a given case depends upon the seriousness of the offense, the circumstances of the offense, and the extent of the aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Frank, 472 So.2d 1 (La.1985).
In the instant case, the crime for which respondent was convicted is a misdemeanor under federal law. Nonetheless, we consider failure to pay child support to be a serious offense, especially when committed by an officer of the court, such as a lawyer. Indeed, there is a provision in our rules which permits the court to declare a lawyer ineligible to practice for failure to comply with a child support order without just cause. Supreme Court Rule XIX, § 19.1. Accordingly, we conclude the baseline sanction for respondent's misconduct is a lengthy suspension from the practice of law.
Turning to the mitigating factors, we find the record supports the conclusion that respondent was experiencing significant personal and financial problems during the period at issue. While these problems do not excuse his failure to pay court-ordered child support, they may be considered by this court in formulating an appropriate sanction. Additionally, we find respondent has fully cooperated in the disciplinary proceedings, and is making an effort to pay all outstanding child support.
Under these circumstances, the appropriate sanction for respondent's misconduct is a suspension from the practice of law for a period of two years. In light of the mitigating factors, we will defer that suspension, and place respondent on supervised probation for a period of two years, subject to the conditions recommended by the disciplinary board. However, we caution respondent that any failure to satisfy his child support obligations will be looked upon harshly by this court, and may be grounds for immediate revocation of probation or additional discipline, as appropriate.

DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Stanley S. Spring, II be suspended from the practice of law for a period of two years. This suspension shall be deferred in full, subject to a two-year period of supervised probation. During the period of probation, respondent shall comply with the conditions *331 of probation recommended by the disciplinary board. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
NOTES
[*] Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision.
[1] Respondent became employed as a paralegal at his father's law firm, while he sought to be licensed with the Florida Bar. Respondent remarried and had two children with his new wife, as well as supported his stepson who resided with them. Eventually, respondent was unable to be certified for admission to the Florida Bar because his former wife pursued criminal charges stemming from his failure to satisfy his financial obligations.
[2] Respondent owed the total amount of $58,465. Pursuant to his plea agreement, he was to pay, over and above his current payments, monthly installments in the amount of $500 until June 1, 2002, and $1,000 until the end of his probationary period, when the debt was satisfied. As further conditions of probation, the court ordered respondent to be gainfully employed and to undergo consumer credit counseling. Respondent was further barred from incurring any additional credit card debt and opening any new lines of credit or loans without permission. Further, the court barred respondent from leaving the state without permission and limited respondent's telephone bills to $125 per month.
[3] Respondent stated he was unable to satisfy his child support obligations from 1995 through 1997 because of a decrease in income. He testified he was employed as a paralegal and attempting to seek admission to the Florida bar, but was ultimately unable to obtain admission due to the pending child support charges. According to respondent, he used what little money he was able to earn during this time to travel from Pensacola, Florida to Lafayette, Louisiana to see his children. Although he admitted not paying child support to his former wife, he stated he gave his children cash directly and bought gifts for them.
[4] The board also recognized absence of a prior disciplinary record as a mitigating factor. However, the record reveals respondent was reprimanded in 1987 for neglect of a legal matter and failure to communicate, and in 1989 for neglect of a legal matter.
[5] The hearing committee and disciplinary board proposed the following conditions of probation:

1. Respondent's probation agreement shall incorporate the terms and conditions of his federal probation;
2. Respondent shall be referred to a probation monitor, who shall supervise respondent's compliance with his probation. Respondent shall promptly review the terms and conditions with the monitor to establish the manner and schedule for compliance. During the period of probation, respondent shall furnish any reports concerning his compliance as may be requested by the monitor, and shall cooperate fully with the monitor to enable him to discharge his/her duties;
3. That, except to the extent prohibited by the attorney/client privilege and the privilege against self-incrimination, respondent shall answer fully, promptly and truthfully to the monitor, the ODC or its designee at respondent's office or office of the monitor, or ODC (provided, however, that nothing herein shall prohibit respondent and the monitor from fixing another place by agreement), any inquiry or inquiries directed to him personally or in writing by the monitor, the ODC, or its designee, relating to whether respondent has complied with these terms or conditions;
4. That during the period of the deferred suspension, respondent shall comply with the provisions of the Rules of Professional Conduct;
5. That during the period of time in which these conditions are in effect, respondent shall maintain with the LSBA his current office and residential addresses for bar purposes. Within ten days after change of any of his addresses, he shall notify the monitor, the LSBA, and the ODC, in writing, of the change of address;
6. Respondent shall execute any waiver necessary which would allow the monitor direct communication with the respondent's federal probation officer, as well as any other official, to determine his compliance with the terms of his federal probation; and
7. Respondent shall fully cooperate with the ODC in any future investigation of any new matters that may be brought to the attention of the ODC.